IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EARL PURSELL, III AND MONICA PURSELL, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 3:20-CV-01188-MAB |
| vs. | ) ) |
| HYDROCHEM LLC, ET AL., | ) ) |
| Defendants. | |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

On July 27, 2022, Plaintiffs Earl Pursell III and Monica Pursell, with Defendants Hydrochem LLC, PSC Industrial Outsourcing, LP, and Phillips 66 Company, and with Third-Party Defendants, Miller Environmental, LLC, and Miller Industrial Service Teams, Inc., filed a Stipulation of Dismissal requesting the Court to dismiss Defendant PSC Industrial Outsourcing, LP with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (Doc. 143).

Pursuant to the Stipulation of Dismissal filed by all of the parties in the present matter, Defendant PSC Industrial Outsourcing, LP, is DISMISSED with prejudice.[1] The

---

[1] At the July 19, 2022 Motion Hearing, the Court raised the issue of federal subject matter jurisdiction to the parties, as this case is in federal court pursuant to diversity jurisdiction and the Court has an independent obligation to continuously police its federal subject matter jurisdiction. *See* 28 U.S.C. §1332. Jurisdiction is analyzed based on the events at the time the case is brought. If a case is initially filed in state court and then removed to federal court, the time-of-filing rule means that the Court analyzes jurisdiction at the time of removal, as that is when the case first appears in federal court. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court assessed diversity jurisdiction when this case was first removed to the Southern District of Illinois from state court and confirmed that complete diversity was present (*see* Doc. 1, ¶¶ 4-10). Since then, there have been additional parties and claims added. Third Party Defendants were added (Docs. 31 and 32) pursuant to this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367. But

dismissal is pursuant to the to the Court's inherent authority to dismiss individual claims, rather than Rule 41(a)(1)(A)(ii). *See Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) ("Rule 41(a) does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action' which is to say, the whole case."); 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2362 (4th ed.) ("The power to drop some plaintiffs or defendants from the suit plainly exists, either explicitly in the Federal Rules or in the district court's inherent power.").

**IT IS SO ORDERED.**

**DATED: August 18, 2022**

                                            **s/ Mark A. Beatty**
                                            **MARK A. BEATTY**
                                            **United States Magistrate Judge**

---

these two entities are not considered in the context of the diversity analysis because they are added solely for the purpose of third-party liability. *See Kemper/Prime Indus. Partners v. Montgomery Watson Americas, Inc.*, 487 F.3d 1061, 1063 (7th Cir. 2007) ("[A] defendant's impleader under Fed. R. Civ. P. 14 of a party that is not diverse from the plaintiff does not destroy jurisdiction. *See* 28 U.S.C. § 1367(b))."). And at the July 19, 2022 hearing, the Court verified that the addition of PSC Industrial Outsourcing did not divest the Court of diversity jurisdiction because even though the Amended Complaint was silent as to PSC's citizenship (Doc. 68), PSC's motion to dismiss confirmed that PSC is a foreign limited partnership (organized in Delaware and a principal place of business in Texas). There are two partners that form this partnership and each of the partners are corporations, which are, in turn, citizens of Delaware and Massachusetts for the purpose of diversity jurisdiction (Docs. 112; 112-3). Plaintiffs are citizens of Louisiana and thus the addition of PSC did not affect the Court's diversity jurisdiction over the present matter (Doc. 1, p. 2).