IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EARL PURSELL III and MONICA PURSELL, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| HYDROCHEM LLC, d/b/a HYDROCHEMPSC, and PHILLIPS 66 COMPANY, | ) ) ) ) ) | |
| Defendants. | ) ) | Case No. 3:20-cv-01188-MAB |
| HYDROCHEM, LLC, | ) ) | |
| Third Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| MILLER INDUSTRIAL SERVICE TEAMS, INC, and MILLER ENVIRONMENTAL, LLC, | ) ) ) ) | |
| Third Party Defendants. | ) | |

## ORDER ON AMENDED JOINT MOTION FOR GOOD FAITH FINDING AND FOR DISMISSAL OF PARTICULAR CLAIMS

THIS MATTER IS BEFORE THIS COURT on a Joint Motion for a Good Faith Finding and for Dismissal of Particular Claims filed by Plaintiffs Earl Pursell III and Monica Pursell, HydroChem LLC (d/b/a HydroChemPSC), Miller Environmental, LLC, Miller Industrial Service Teams, Inc. and Phillips 66 Company filed by all parties on July 27, 2022 (Doc. 144).

The parties filed this motion pursuant to the Joint Tortfeasor Contribution Act ("JTCA"), requesting the Court to assess whether the settlement between some of the parties in this matter was made in good faith in accordance with the JTCA. *See* 740 ILCS 100/2(c). "The 'good faith' of a settlement is the only limitation the Act places on the right to settle and it is the good-faith nature of a settlement that extinguishes the contribution liability of the settling tortfeasor." *Conner v. Ford Motor Co.*, No. 07-0122-DRH, 2009 WL 1884456, at *3 (S.D. Ill. June 30, 2009), citing *Johnson v. United Airlines*, 784 N.E.2d 812, 818 (Ill. 2003). To evaluate whether a settlement was made in good faith, a court may consider: (1) "whether the amount paid by the settling tortfeasor was 'within the reasonable range of the settlor's fair share;' " (2) "whether there was a close personal relationship between the settling parties;" (3) "whether the plaintiff sued the settlor;" and (4) "whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement." *LaJeunesse v. Ford Motor Co.*, 642 F. Supp. 2d 835, 838–39 (N.D. Ill. July 27, 2009) (citing *Wreglesworth v. Arctco, Inc.*, 740 N.E.2d 444, 449 (Ill. App. 2000)). The settling parties bear the burden of making a preliminary showing of good faith and "whether a settlement satisfies the good-faith requirement ... is a matter left to the discretion of the trial court based upon the court's consideration of the totality of the circumstances." *Mercola v. Abdou*, 223 F. Supp. 3d 720, 732 (N.D. Ill. Dec. 12, 2016) (citations omitted).

The Court notes, once again, that the motion for good faith finding and dismissal of particular claims was filed jointly by all of the parties in the present matter (Doc. 144). After speaking with the parties during the July 19, 2022 Motion Hearing and reviewing

the materials before the Court, the Court has no reason to believe, based on the totality of the circumstances, that this settlement was made in bad faith or should not be upheld. As such, the Court finds as follows:

A. That the settlement agreement between Plaintiffs and Phillips 66 Company referenced in the Joint Motion for a Good Faith Finding and to Dismiss certain Claims is a legally valid settlement agreement and was entered into in good faith, as contemplated by Illinois' Joint Tortfeasors Contribution Act, 740 ILCS 100/0.01, et seq., as is agreed and stipulated to by all parties in paragraph 6 of the Joint Motion for a Good Faith Finding and for Dismissal of Particular Claims.

B. That there no just reason to deny the dismissals requested in the Joint Motion for a Good Faith Finding and for Dismissal of Particular Claims agreed to and requested by the parties.

WHEREFORE, IT IS HEREBY ORDERED:

1. The settlement agreement between Plaintiffs and Phillips 66 Company is a legally valid settlement agreement and was entered into in good faith, as contemplated by Illinois' Joint Tortfeasors Contribution Act, 740 ILCS 100/0.01, et seq.

2. Phillips 66 Company's crossclaims against HydroChem LLC (d/b/a HydroChemPSC) and Miller Environmental, LLC are dismissed with prejudice.

3. HydroChem LLC (d/b/a HydroChemPSC)'s and Miller Environmental, LLC's crossclaims against Phillips 66 Company are dismissed with prejudice.

4. HydroChem LLC (d/b/a HydroChemPSC)'s third-party claim and crossclaim against Miller Industrial Service Teams, Inc. is dismissed with prejudice.

**IT IS SO ORDERED.**

**DATED: August 18, 2022**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**