IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EARL PURSELL III and MONICA PURSELL | ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| HYDROCHEM LLC, d/b/a HYDROCHEMPSC, ET AL., | ) ) |
| Defendants. | ) |
| HYDROCHEM, LLC | ) ) |
| Third-Party Plaintiff | ) ) |
| vs. | ) ) |
| MILLER ENVIRONMENTAL, LLC | ) ) |
| Third-Party Defendant | ) ) ) |

Case No. 3:20-CV-1188-MAB

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This case is set to begin trial on November 3, 2022. This trial date was initially planned for November 7, 2022. However, because November 11 is a federal holiday and the parties expressed concern with completing the trial in four days, the Court advanced the trial setting to begin on November 3. The Court notes, however, that this November 2022 trial date was set in an effort to accommodate the parties back in December 2021 per the parties' joint request (*See* Doc. 69). Indeed, the Court accommodated the November

1

trial setting (knowing that the timeline would be tight) under the impression that pretrial motions would not be voluminous, unique, or complex.

In reviewing the pending motions as well as the disputes that continue to flood this Court's proposed documents inbox, the Court has concluded it is simply not feasible to accomplish all that must be accomplished in order to begin trial on November 3, 2022. Miller Environmental filed a motion for summary judgment (Doc. 131), that is fully briefed and awaiting disposition. Additionally, Hydrochem's motions in limine are 35 pages of argument, and over 150 pages worth of exhibits (*See* Doc. 163). Miller Environmental' s motions in limine contain 22 separate motions, totaling 40 pages worth of argument and 321 pages worth of exhibits (*See* Doc. 165). Each party has filed a voluminous response in opposition to the other's motion (*See* Docs. 169-170). Throughout the course of this litigation, neither party alerted the Court to massive amount of pretrial briefing they expected to file with the Court. And in the Court's review of the briefing, it appears there is just *one* issue that may be agreed to amongst the motions in limine (*See* Doc. 170, p. 25). But even that issue is not a full agreement. Miller Environmental says it does not object "in principal to the relief sought in Motion in Limine No. 5," but nevertheless believes the relief sought is overly broad and should be more narrowly tailored (Doc. 170, p. 25).[1]

---

[1] The Court believes it would be well within its discretion to strike all of the motions in limine and responses and order re-briefing with page limits. But even if the Court took that route, it would still require the trial date to be vacated because there is simply not enough time to brief and respond to motions in limine before November 3 and accomplish everything else that must be accomplished.

Suffice to say, the pretrial motions are voluminous and basically every issue is contested. Additionally, on October 24, the Court received 21 separate e-mails from the parties to its proposed documents folder regarding deposition designations and objections. A cursory review of the correspondence received reveals that there is very little that is currently agreed to in terms of deposition designations. By way of example, the deposition designations of Matthew Dartez contains nearly 11 pages of objections (nearly every designation is objected to). It is apparent the parties did not heed the Court's admonition to work collaboratively on deposition designations and objections to minimize the amount of work required of the Court (*See* Doc. 166). Indeed, on November 18, 2022, the Court expressed concern to the parties that the November trial date may need to be continued if the parties are unable to find any common ground on motions in limine and deposition designations.

The Court is also aware that Hydrochem contends that Miller Environment failed to comply with the parties' working agreement on designations and objections and says that all of Miller Environmental's objections and counter-designations to Hydrochem's designations should be stricken. Hydrochem contends it has been prejudiced by Miller Environmental's last minute objections and counter-designations.

In considering all of this, the Court has concluded that it is simply not feasible to address all of the issues that must be addressed before trial. Given the current trajectory of this case, it appears fairly certain that more disputes will pile on over the next week. The November 3, 2022 trial setting is HEREBY VACATED. The Court knows the parties have been working long hours in preparation for this upcoming trial and appreciates

counsel's hard work. The Court does not make this decision lightly. But the amount of contested issues that require Court intervention necessitates it.

The Court will issue a written order on the motion for summary judgment in due time. The Court will set a new trial date by separate notice and will plan to meet with the parties in the near future to begin working through all of the pretrial issues the Court has identified. The Court will also endeavor to ensure that the time and resources the parties have dedicated to this case to date will not need to be reduplicated. All current deadlines including the trial setting are hereby VACATED and will be reset by separate notice.

**IT IS SO ORDERED.**

**DATED: October 25, 2022**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**