IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EARL PURSELL III AND MONICA PURSELL, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 3:20-cv-01188-MAB |
| vs. | ) ) |
| HYDOCHEM, LLC, ET AL., | ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiffs' Motion to Compel Final Payment of Global Settlement or, in the alternative, Award Prejudgment Interest (Doc. 174). Defendant/Third-party Plaintiff HydoChem, LLC ("HydroChem") and Third-party Defendant Miller Environmental Services, LLC ("Miller") have also filed Motions to Seal their responses to Plaintiffs' motion (Docs. 178, 180). For the reasons explained below, the motions are DENIED.

### MOTIONS TO SEAL

HydroChem and Miller moved to seal their responses to Plaintiffs' motion (Docs. 178, 180), and have also filed the motions to seal under seal. In their motions, they state that the parties agreed to keep the existence and terms of their settlement agreement confidential, but it is necessary to quote portions of the "Memorandum of Understanding of Settlement Agreement" and an Addendum in order to respond to Plaintiffs' motion

(*Id.*)

"Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) ("In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret . . . ."). The Seventh Circuit has emphasized "that litigation be conducted in public to the maximum extent consistent with respecting trade secrets. . . and other facts that should be held in confidence." *Hicklin Eng'g, L.c. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), abrogated on other grounds by *Americold Realty Trust v. Conagra Foods, Inc.*, 57 U.S. 378 (2016). Motions to seal parts of the record should be granted "only if there is good cause" for doing so. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

Neither HydroChem nor Miller offer any reason for secrecy except that the parties have agreed to confidentiality. That is insufficient. *See Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 835 (7th Cir. 2013) ("[b]ecause there is potential public value to disclosing settlement terms, including amount, parties have to give the judge a reason for not disclosing them—and the fact that they don't want to disclose is not a reason"). Moreover, HydroChem and Miller do not include any of the actual terms of the settlement agreement in their motions, other than that the portion of the settlement paid by each of them will be decided during mediation or at trial. That information is already part of the

Court's public record (*See* Doc. 67). Thus, the Court can discern no reason to seal their responses. Their motions are **DENIED**, and the Clerk of the Court is instructed to **UNSEAL** the responses and the motions to seal (*See* Docs. 178-181).

### SETTLEMENT BACKGROUND

In November 2021, the parties to this case reached a global settlement (Doc. 67). Although the parties agreed on a total settlement amount, under the agreement, HydroChem was to continue to pursue its contribution claims against Miller, and what percentage of their portion of the settlement each would pay would be decided through mediation, or, in the alternative, by way of jury trial on the issue of contribution (Docs. 44, 67.)

In the Memorandum of Understanding of Settlement Agreement and Addendum, the parties agreed that should a jury trial be necessary, they would "cooperate in securing a trial date for the contribution claims to take place no later [sic] November 1, 2022 (subject of course to the Court's agreement)" and that Defendants would "remit payment of the final [settlement monies] . . . within 30 days of the completion of the trial in the Southern District of Illinois (anticipated to be completed in November, 2022) and entry of a judgment" (Docs. 179, 179.1 at 1, 181, 188).

HydoChem and Miller secured a trial date on the issue of contribution for November 3, 2022 (Doc. 171). However, on October 25, the Court vacated the trial date after the parties submitted voluminous pre-trial motions, including dispositive motions and nearly 30 motions in limine, which were accompanied by hundreds of pages of exhibits (*Id.*). The trial date is now set for April 18, 2023 (Doc. 182).

After the trial date was vacated, Plaintiffs filed a motion to compel payment of the remaining settlement amount, or alternatively for pre-judgment interest on the portion unpaid, under 735 Ill. Comp. Stat. § 5/2-1303(c) (Doc. 174). They argue that the Court provided a November trial date, but the date was vacated due to HydroChem and Miller's inability to come to a consensus on discovery and evidentiary issues (Docs. 174, 188). HydoChem and Miller respond that the settlement agreement did not provide for pre-judgment interest, nor did it include any provision stating that the agreement would be breached if Plaintiffs did not receive the full settlement amount by November 2022 (Docs. 179, 181).

## DISCUSSION

The record indicates that the parties sought a November 2022 trial date, and the settlement agreement and addendum clearly require payment by HydroChem and Miller only after HydoChem's contribution claims are settled through mediation or a jury trial. Indeed, the Court accommodated the November 2022 trial setting, knowing that discovery and pretrial motion schedule would be tight, under the impression from the parties that pretrial motions would not be voluminous, unique, or complex (*See* Doc. 171). This turned out not to be the case and Hydrochem and Miller's many disputes and voluminous briefing ultimately forced the Court to vacate the November trial setting (*See* Docs. 130, 131, 132, 133, 138, 139, 140, 145, 146, 147, 163, 165, 169, 170, and 171). But of course, nothing in the settlement agreement or addendum required the parties to waive such disputes and lay down their swords in order to guarantee a November 2022 trial date. "An agreement, when reduced to writing, must be presumed to speak the intention

of the parties who signed it. It speaks for itself, and the intention with which it was executed must be determined from the language used." *Air Safety, Inc. v. Teachers Realty Corp.*, 706 N.E.2d 882, 884 (Ill. 1999). Thus, Plaintiffs are not entitled to payment before the trial takes place.

Generally, prejudgment interest is recoverable only when it is contracted by the parties or authorized by statute. *In re Est. of Feinberg*, 6 N.E.3d 310, 347 (Ill. App. 2014). The parties agree that they have not contracted for pre-judgment interest (Doc. 188). Under section 1303(c), in personal injury or wrongful death actions, "the plaintiff shall recover prejudgment interest on all damages, except punitive damages, sanctions, statutory attorney's fees, and statutory costs, set forth in the judgment." The statute limits the right, however, stating, "[i]f the judgment is equal to or less than the amount of the highest written settlement offer made by the defendant . . . no prejudgment interest shall be added to the amount of the judgment." *See* 735 Ill. Comp. Stat. § 5/2-1303(c).

The purpose of the statute is to incentivize defendants to make settlement offers. Section 1303(c) does not apply in the instant case because HydoChem and Miller have already reached a settlement agreement with Plaintiffs. The judgment in the pending trial will not be for any amount over what HydroChem and Miller have already agreed to pay Plaintiffs. It will simply determine what portion of that amount will be paid by either party. Thus, under the statute, Plaintiffs are not entitled to pre-judgment interest.

## Conclusion

Plaintiffs' Motion to Compel Final Payment of Global Settlement or, in the alternative, Award Prejudgment Interest (Doc. 174) is **DENIED**. The Motions to Seal

HydroChem and Miller's responses are **DENIED**, and the Clerk of the Court is instructed to **UNSEAL** the responses and the motions to seal (*See* Docs. 178-181).

    **IT IS SO ORDERED.**

    **DATED: April 6, 2023**

                                                        s/ Mark A. Beatty
                                                         **MARK A. BEATTY**
                                                         **United States Magistrate Judge**