IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EARL PURSELL III AND MONICA PURSELL,<br>　　　　　　Plaintiff,<br><br>vs.<br><br>HYDOCHEM, LLC, ET AL.,<br>　　　　　　Defendant.<br><br>HYDROCHEM, LLC,<br>　　　　　　Third-Party Plaintiff<br><br>v.<br><br>MILLER ENVIRONMENTAL, LLC,<br>　　　　　　Third-Party Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:20-cv-01188-MAB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Miller Environmental Services, LLC's ("Miller") Application for Attorney Fees and Expenses (Doc. 199). For the reasons below, the application is GRANTED.

### BACKGROUND

In early November 2022, the Court received a four-page statement regarding a discovery dispute that complied with basically none of the Court's Case Management Procedures (Doc. 173). In response, the Court set an in-person status conference for November 30, 2022 (*Id.*). In the meantime, on November 14, 2022, HydoChem, LLC ("HyrdoChem") and Miller submitted a revised joint statement regarding the dispute

(Doc. 199 at p. 2). HydoChem claimed that Miller had failed to properly prepare a FED. R. CIV. P. 30(b)(6) witness (Doc. 207 at p. 7-16).

At the status conference on November 30, 2022, the Court discussed the protocols and parameters the parties must follow going forward, including meeting and conferring on all disputes before turning to the Court for intervention, and when a dispute could not be solved, presenting the Court a one-page joint statement, succinctly stating the issues (Doc. 187). The Court also stated that the losing side of future discovery disputes (including the submitted discovery dispute) would be bound to pay attorneys' fees and costs associated with that dispute, under FED. R. CIV. P. 37(a)(5)(A) or (B) (describing circumstances where court must order party in discovery dispute to pay opposing side's reasonable expenses, including attorney's fees) (*Id*).

On February 3, 2023, the Court heard in-person oral argument on the discovery dispute submitted by HydroChem regarding Miller's 30(b)(6) witness (Doc. 207 at p. 1). HydroChem argued that the Rule 30(b)(6) deponent was not properly prepared to testify about the preparation and storage of Miller documentation that was destroyed in a hurricane (*Id.* at p. 7-16). After carefully reviewing the deposition transcript, as well as the topics noticed for deposition, the Court concluded that the witness gave responsive answers to all of the topics to which Miller had notice and complied with his obligation to get information reasonably available (*Id.* at p. 29-31). In essence, the Court denied HydroChem's request to compel an additional deposition. The Court also ordered HydroChem to pay Miller's attorney's fees and costs incurred as a result of the discovery dispute, in accordance with the Court's November 30, 2022 Order and Rule 37(a)(5)(B) (if

a discovery motion is denied, the court must require the movant to pay the party who opposed the motion its "reasonable expenses incurred in opposing the motion, including attorney's fees," unless the motion was substantially justified) (*Id.* at p. 30-34). Miller filed its application for attorney's fees and costs and supporting materials on or before February 10, 2023, and HydroChem submitted its objections on February 17, 2023 (Docs. 199, 200).

## LEGAL STANDARD

Rule 37(a)(5)(B) presumptively requires the movant to make good the victor's costs:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

As for what constitutes "reasonable expenses," "the rationale of fee-*shifting* rules is that the victor should be made whole—should be as well off as if the opponent had respected his legal rights in the first place." *Garbie v. Daimler Chrysler Corp.*, 211 F.3d 407, 411(7th Cir. 2000) (quoting *Rickels v. South Bend*, 33 F.3d 785, 787 (7th Cir. 1994)) (emphasis in original). Consistent with this approach, courts have rejected the notion that a prevailing party may only recover attorney fees directly related to making or opposing a motion to compel. *See Aerwey Labs., Inc. v. Arco Polymers, Inc.*, 90 F.R.D. 563, 565 (N.D. Ill. 1981) (expenses awarded under Rule 37(a)(5) should encompass all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself

properly). Additionally, district courts have exceptional discretion to determine whether the time an attorney spends on a motion to compel is reasonable. *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007).

## DISCUSSION

Miller's application for fees and expenses requests $5,112 for attorney's fees based on a total of 36.5 billed hours on this matter--including 15.2 hours communicating with HydroChem and the Court regarding the dispute and preparing for and attending the hearing, 16.2 hours travel time to Court for the in-person hearing, and 5.1 hours preparing Miller's application for fees (Docs. 199, 199-2). Miller also requests $2,681.65 to reimburse travel expenses for Miller's attorneys and their corporate representative, all of whom travelled from long distances for the in-person Court hearing (*Id.*).

In its response, HydoChem makes several arguments for Miller's application being unreasonable. First, HydroChem argues that Miller's attorneys could not possibly have spent 36.5 hours on the discovery dispute, given its narrow focus and the lack of any briefing on the subject. However, Miller's supporting documentation shows that 16.2 hours of that time was Miller counsels' travel to and from the February 3, 2023 hearing on HydroChem's motion to compel. Time spent traveling to and from a hearing is recoverable under Rule 37(a)(5). *Maxwell v. S. Bend Work Release Ctr.*, No. 3:09-CV-008-PPS-CAN, 2010 WL 4318800, at *5 (N.D. Ind. Oct. 25, 2010). Moreover, counsel billed only 50 percent of their normal rate for this travel time.

As for the additional 15.2 hours, much of it consists of the time Miller's counsel spent conferring with HydoChem on its Rule 30(b)(6) notice and the joint dispute

statement, preparing an argument for the hearing, and appearing before the Court to discuss the dispute (Doc. 199-2). These fees are also recoverable under Rule 37(a)(5). *See Marcum v. Graphic Packaging Int'l, Inc.*, No. 1:13-CV-158, 2013 WL 5406236, at *3 (N.D. Ind. Sept. 25, 2013) (time spent communicating with opposing counsel, related to the motion to compel, can be included in attorney's fees); *Maxwell*, 2010 WL 4318800, at *5 (time spent preparing for and attending the hearing on the motion to compel was recoverable under Rule 37(a)(5)).

HydroChem also argued that Miller's counsel billed too much time for analyzing the Court's docket entries (Doc. 200). However, Miller billed 0.1 hour for the review of each entry, the lowest billable amount normally available (Doc. 199-2 at p. 3). Moreover, time spent reviewing court entries and orders related to the motion to compel is recoverable under Rule 37(a)(5). *Slabaugh v. State Farm Fire & Cas.*, No. 1:12-cv-01020-RLY-MJD, 2014 WL 1767088, at *3 (S.D. Ind. May 1, 2014).

HydroChem next argues that Miller billed time for reviewing deposition testimony that HydroChem was not directly challenging (Doc. 200). The Court notes that counsel should only be reimbursed for fees for time spent as a result of the motion to compel, not for time they would have otherwise spent on discovery tasks. *Maxwell*, 2010 WL 4318800, at *5; *Watkins v. Trans Union, LLC*, No. 214CV00135WTLMJD, 2019 WL 336674, at *6 (S.D. Ind. Jan. 28, 2019), report and recommendation adopted, No. 2:14-CV-135-WTL-MJD, 2019 WL 653095 (S.D. Ind. Feb. 15, 2019). However, for each of Miller's four entries for time spent reviewing deposition testimony, counsel states that the review was "in connection with preparing for [the] discovery dispute" (Doc. 199-2).

From a review of the transcript of oral argument before the Court and Miller's application (Doc. 207), it is obvious that Miller's counsel reviewed these deposition transcripts specifically to gather evidence to rebut HydroChem's argument that Miller had refused to answer questions regarding missing documentation (*Id*. at p. 11-19). Thus, these fees are directly related to the motion to compel and are reimbursable. *Cf. Watkins*, 2019 WL 336674, at *6 (time spent on deposition questions specifically related to motion to compel was reimbursable).

HydroChem also argues that the time Miller's attorneys spent in preparing the application for fees should not be reimbursable under Rule 37(a)(5)(B), because the rule requires the losing party only to pay reasonable expenses incurred "*in opposing the motion*" (emphasis added) (Doc. 200). However, this is time that the opposing party would not have spent were it not for the request to compel, and it is time that should not be passed on to the client. Thus, courts have held that it is reimbursable. *See Phillips v. Vasil Mgmt. Co.*, No. 1:10-cv-610-WTL-TAB, 2012 WL 177406, at *2 (S.D. Ind. Jan. 20, 2012) (time spent drafting motion for attorney fees under Rule 37(a)(5) should be reimbursed by opposing party).

Finally, HydoChem disputes the billing for costs associated with travel. It argues that one of Miller's attorneys, who drove from Chicago, could have saved hundreds of dollars by flying (Doc. 200). However, HydroChem also argues that the costs associated with the other Miller attorney who flew to St. Louis for the hearing are unreasonable,

arguing that the attorney flew from Phoenix, not Chicago, where he is based.[1] The Court can locate no Seventh Circuit case discussing the reasonableness of driving versus flying with regard Rule 37, or whether an attorney must fly from where he normally practices to be entitled to fees. The fact remains that Miller attorneys were compelled to travel for the motion to compel, and travel costs are reimbursable under Rule 37. HydroChem has not shown these costs were unreasonable and has cited no law suggesting these fees should be stricken. *See DR Distributors, LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2022 WL 5245340, at *6 (N.D. Ill. Oct. 6, 2022) (opposing parties' travel costs should be included in sanction for discovery violations); *see also Sure Safe Indus., Inc. v. C & R Pier Mfg.*, 152 F.R.D. 625, 626 (S.D. Cal. 1993) (finding fees associated with bringing motion to compel "properly included . . . out-of-pocket expenses, including travel, telephone, mailing, copying and computerized legal research expenses"). Thus, the Court determines that Miller's application includes "reasonable expenses," in compliance with Rule 37(a)(5)(B).

## CONCLUSION

Miller's Application for Attorney Fees and Expenses is **GRANTED**. HydroChem is **DIRECTED** to **REMIT** to Miller $5,112.00 in attorney's fees and $2,681.65 in expenses/costs on or before **June 1, 2023**.

**IT IS SO ORDERED.**

---

[1] HydroChem also argues that the hotel at which one of Miller's attorneys stayed the night before the hearing was more expensive than the hotel at which Miller's corporate representative stayed (Doc. 200), but provides no evidence for this assertion, and cites no law supporting a contention that Miller's attorney's hotel stay was unreasonable.

**DATED: May 2, 2023**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**
